IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHM INDUSTRIES, INC., d/b/a <br> CAROLINA HIGH MAST, <br><br> Plaintiffs, <br><br> vs. <br><br> TRASTAR, INC., <br><br> Defendant. | No. 3:19-CV-00797-K <br><br> JURY TRIAL DEMANDED |

## DEFENDANT TRASTAR, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Trastar, Inc. ("Trastar") files its Answer and Defenses to Plaintiff CHM Industries, Inc., d/b/a Carolina High Mast's ("Carolina High Mast") Complaint (Dkt. No. 1).  Trastar responds to the Complaint as follows:

### I. PARTIES

1. Trastar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies them.

2. Admitted.

### II. JURISDICTION AND VENUE

3. Trastar admits that Carolina High Mast purports to state a claim for patent infringement arising under the laws of the United States of America, Title 35

of the United States Code and that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Trastar denies that it has committed any acts of patent infringement and further denies that it is liable to Carolina High Mast under the patent laws of the United States of America or any other laws.

4. Trastar admits that the Court has personal jurisdiction over Trastar with respect to the alleged causes of action set forth in the Complaint. Trastar admits that it has a place of business located at 860 N. Dorothy Drive, Suite 600, Richardson, Texas 75081. Trastar denies that it has committed acts of patent infringement and denies any remaining allegations in Paragraph 4 of the Complaint.

5. Solely for purposes of this action, Trastar does not contest venue in this District. Trastar denies that it has committed or is committing any acts of infringement and denies any remaining allegations in Paragraph 5 of the Complaint.

### III.   BACKGROUND

6. Trastar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore denies them.

7. Trastar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies them.

8. Trastar admits that Carolina High Mast has attached what appear to be copies of U.S. Patent Nos. 9,677,754 ("the '754 patent") and 9,903,581 ("the '581 patent") as exhibits to its Complaint and that the '754 patent and '581 patents, on their faces, bear issue dates of June 13, 2017 and February 27, 2018, respectively. Trastar denies that the '754 patent and the '581 patent were duly and legally issued.

Trastar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and therefore denies them.

9.   Trastar admits that it produces lighting systems and that its products have included JXM-ST High Mast LED luminaires ("the Accused Product") since at least 2016.  Trastar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies them.

### IV.   CAUSES OF ACTION

#### A. COUNT ONE – ALLEGED INFRINGEMENT OF THE '754 PATENT

10.   Paragraph 10 of the Complaint does not contain any allegations requiring a response. To the extent that a response is required, Trastar restates and reincorporates by reference its responses to the above paragraphs as though fully set forth herein and denies any remaining allegations.

11.   Trastar admits that the '754 patent on its face bears an issue date of June 13, 2017.  Trastar denies that the '754 patent was duly and legally issued and that it is valid and enforceable.  Trastar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies them.

12.   Denied.

13.   Denied.

14.   Denied.

15.   Denied.

16. Paragraph 16 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Trastar lacks knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it. Trastar further denies that it infringes any claim of the '754 patent.

17. Paragraph 17 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Trastar lacks knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it. Trastar further denies that it infringes any claim of the '754 patent.

18. Paragraph 18 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Trastar lacks knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it. Trastar further denies that it infringes any claim of the '754 patent.

19. Paragraph 19 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Trastar lacks knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it. Trastar further denies that it infringes any claim of the '754 patent.

20. Paragraph 20 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Trastar lacks

knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it. Trastar further denies that it infringes any claim of the '754 patent.

21. Paragraph 21 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Trastar lacks knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it. Trastar further denies that it infringes any claim of the '754 patent.

22. Admitted.

23. Denied.

24. Denied.

25. Trastar admits that it has known about the '754 patent since on or about July 21, 2017. Trastar denies the remaining allegations of Paragraph 25.

26. Denied.

27. Denied.

**B. COUNT TWO – ALLEGED INFRINGEMENT OF THE '581 PATENT**

28. Paragraph 28 of the Complaint does not contain any allegations requiring a response. To the extent that a response is required, Trastar restates and reincorporates by reference its responses to the above paragraphs as though fully set forth herein and denies any remaining allegations.

29. Trastar admits that the '581 patent on its face bears an issue date of February 27, 2018. Trastar denies that the '581 patent was duly and legally issued

and that it is valid and enforceable. Trastar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and therefore denies them.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Paragraph 34 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Trastar lacks knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it. Trastar further denies that it infringes any claim of the '581 patent.

35. Paragraph 35 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Trastar lacks knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it. Trastar further denies that it infringes any claim of the '581 patent.

36. Paragraph 36 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Trastar lacks knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it. Trastar further denies that it infringes any claim of the '581 patent.

37. Paragraph 37 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Trastar lacks knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it. Trastar further denies that it infringes any claim of the '581 patent.

38. Paragraph 38 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Trastar lacks knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it. Trastar further denies that it infringes any claim of the '581 patent.

39. Paragraph 39 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Trastar lacks knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it. Trastar further denies that it infringes any claim of the '581 patent.

40. Trastar admits that it has been aware of the '581 Patent since at least the day the Complaint was filed. Trastar denies any remaining allegations in paragraph 40.

41. Denied.

42. Denied.

43. Trastar admits that it has known about the '581 patent since at least the day the Complaint was filed. Trastar denies the remaining allegations of

Paragraph 43.

44. Denied.

45. Denied.

## V.   JURY DEMAND

46. Trastar hereby demands a trial by jury of all issues so triable in this action.

## VI.   RELIEF REQUESTED

47. Trastar denies that Carolina High Mast is entitled to any relief, much less the relief requested in Paragraphs A-F of the "RELIEF REQUESTED" in its Complaint.

## VII.   AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

48. Carolina High Mast has failed to state a claim upon which relief may be granted.

### SECOND DEFENSE

49. Trastar does not infringe, and at all times relevant to this action, has not infringed, either directly or indirectly, any of the claims of the '754 patent or the '581 patent (collectively, the "Asserted Patents"), either literally or under the doctrine of equivalents.

## THIRD DEFENSE

50. Some or all of the claims of the Asserted Patents are invalid for failure to comply with one or more provisions of Title 35, United States Code §§ 101, 102, 103, and/or 112.

## FOURTH DEFENSE

51. Some or all of Carolina High Mast's claims are barred by the doctrines of estoppel, waiver, and/or unclean hands.

## FIFTH DEFENSE

52. Carolina High Mast is estopped from asserting infringement by Trastar by virtue of prior art or conduct, statements, admissions, and/or representations during the prosecution of the Asserted Patents and/or patents or applications related thereto.

## SIXTH DEFENSE

53. To the extent that Carolina High Mast, its predecessors-in-interest, or its licensees failed to properly mark any of its relevant products with the '754 or '581 Patents as required by 35 U.S.C. § 287 or otherwise give proper notice that Trastar's actions allegedly infringed the '754 or '581 Patents, Trastar is not liable for any of the allegedly-infringing acts performed before it received actual notice of the alleged infringement.

**SEVENTH DEFENSE**

54. Carolina High Mast has an adequate remedy at law, and no basis exists for the grant of equitable relief.

**EIGHTH DEFENSE**

55. This is not an egregious case of misconduct on the part of Trastar that would warrant awarding enhanced or treble damages to Carolina High Mast pursuant to 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered, Trastar respectfully requests that the Court:

56. Enter judgment in favor of Trastar and against Carolina High Mast and dismiss Carolina High Mast's claims with prejudice and declare that Carolina High Mast takes nothing;

57. Enter judgment that Trastar does not infringe the '754 or the '581 Patents;

58. Enter judgment that the claims of the '754 and '581 Patents are invalid;

59. Hold that Carolina High Mast is not entitled to equitable relief;

60. Hold that Carolina High Mast is not entitled to money damages;

61. Award to Trastar its taxable costs of suit as the prevailing party;

62. Find this to be an exceptional case under 35 U.S.C. § 285 and award Trastar its reasonable attorneys' fees and costs incurred in this action, including pre-

judgment interest; and

      63.    Grant Trastar all other and further relief as the Court deems just and proper.

Dated: May 31, 2019

*/s/John R. Emerson*
John R. Emerson
Texas Bar No. 24002053
russ.emerson@haynesboone.com
Caroline K. Wray
Texas Bar No. 24079607
caroline.wray@haynesboone.com
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
(214) 651-5000 (telephone)
(214) 200-0615 (fax)

COUNSEL FOR DEFENDANT TRASTAR, INC.

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 31, 2019, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's CM/ECF System.

*/s/John R. Emerson*
John R. Emerson
